IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02804-GPG

ARTHUR SANCHEZ,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DETECTIVE JOHN H. BAUER, 97032,
DETECTIVE NICHOLAS E. ROGERS, 86037, and
DETECTIVE JOHN G. ROBLEDO, 05122,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

    Plaintiff Arthur Sanchez is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. He initiated this action by filing *pro se* a Prisoner Complaint alleging a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff also requested leave to proceed pursuant to 28 U..S.C. §1915, which was granted on November 7, 2014.

    On November 11, 2014, Magistrate Judge Gordon P. Gallagher directed Plaintiff to amend the Complaint, comply with Fed. R. Civ. P. 8, and state how each named defendant personally participated in the alleged violation. Plaintiff also was informed that municipalities, such as City and County of Denver, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*,

997 F.2d 774, 782 (10th Cir. 1993).   Plaintiff was further informed that to state liability against the City and County he must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiff filed an Amended Complaint on December 18, 2014.

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  The Court will dismiss this action in part, for the reasons stated below.

In the Amended Complaint, Plaintiff asserts two claims.  Plaintiff asserts that Defendants used excessive force and conducted an unreasonable search and seizure in violation of his Fourth and Fourteenth Amendment rights when they arrested him on October 16, 2013.  Plaintiff, however, does not state that Defendants' actions were directly related to a policy or custom of the City and County of Denver.  To the contrary, Plaintiff asserts that Defendants did not follow policies and procedures written by the Denver Police Department when they conducted five different searches of Plaintiff.  Defendant City and County of Denver, therefore, will be dismissed as an improperly named party.

The excessive force and unreasonable search and seizure claims asserted against remaining Defendants John H. Bauer, Nicholas E. Rogers, and John G. Robledo will be ordered drawn to a presiding judge and if appropriate to a magistrate judge.  Accordingly, it is

3

ORDERED that Defendant City and County of Denver is dismissed as an improperly named party to this action. It is

FURTHER ORDERED that the excessive force and unreasonable search and seizure claims asserted against Defendants John H. Bauer, Nicholas E. Rogers, and John G. Robledo are ordered drawn to a presiding judge and if appropriate to a magistrate judge. It is

FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel, ECF No. 13, is denied as premature.

DATED at Denver, Colorado, this  6th  day of    January    , 2015.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court