**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-02804-MSK-KLM

ARTHUR SANCHEZ,

      Plaintiff,

v.

JOHN H. BAUER, Detective, 97032;
JOHN G. ROBLEDO, Detective, 05122; and
NICHOLAS E. ROGERS, Detective, 86037,

      Defendants.

---

**OPINION AND ORDER ADOPTING RECOMMENDATION
AND GRANTING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court pursuant to the Defendants', Det. Bauer, Det. Robledo, and Det. Rogers (collectively, "the Detectives"), Motion to Dismiss (**#32**), which the Magistrate Judge determined should be granted in a June 29, 2015 Recommendation (**#50**). Plaintiff, Mr. Sanchez, timely filed Objections (**#51**) to the Recommendation, and Defendants responded (**#52**).

## I. ISSUES AND JURISDICTION

Mr. Sanchez appears *pro se*. He has filed three complaints in this matter; the most recent is the Second Amended Complaint (**#12**) (hereinafter, "the Complaint"). It asserts 42 U.S.C. § 1983 claims against the Detectives for unreasonable searches and seizures and use of excessive force and in violation of Mr. Sanchez's constitutional rights. Because the Complaint alleges that the Detectives violated Mr. Sanchez's civil rights "under the Constitution or laws of the United States" the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

## II.  BACKGROUND

The Complaint alleges the following facts.  In October 2013, while staking out an unrelated vehicle in a Burger King parking lot, the Detectives stopped Mr. Sanchez's car. They "surround[ed] it with their vehicles, blocking [his] car in," with "no probable cause to pull [him] over."  The Detectives approached Mr. Sanchez's car with "weapons in hand and pointed at [him]."

According to the Complaint, Det. Rogers pulled Mr. Sanchez out of the car "by his shirt and to the ground with excessive force," though Mr. Sanchez was offering no resistance.  Mr. Sanchez was placed under arrest.  The Detectives proceeded to "search and handcuff" him, but "nothing was found."  The Detectives also "search[ed] the vehicle, but nothing was found." Finally, the Detectives "took [his] cell phone out of [his] car and went through its contents [without his] consent . . . then answered the phone without a warrant or probable cause to do [so]."  Mr. Sanchez was pulled "up from the ground forcefully by handcuffs from his backside causing excruciating pain," told to remove "some clothing in public, again nothing was found."

The Complaint states that Mr. Sanchez was taken to the police station where there was "another full body search and again nothing was found."  It alleges that Mr. Sanchez was detained with restraints on "for about 25 minutes," then taken into the hallway and told to "remove his clothing."  It also alleges that Mr. Sanchez was taken into a holding room where his handcuffs were moved to the front of his body and he was "forced over a chair and held there with [his] face pressed firmly against a desk causing unnecessary and excruciating pain." "[A]rmed with protective gloves," Det. Rogers "pull[ed] down [Mr. Sanchez's] underwear and pants and put his hand and fingers into [Mr. Sanchez's] anus" and removed contraband.  This

"inappropriate touching [and] physical violence" caused Mr. Sanchez "pain and suffering, physical injury[,] humiliation and emotional distress violating [his] rights."

The Complaint asserts two primary types of violations of constitutional rights under 42 U.S.C. § 1983: unreasonable search and seizure and use of excessive force.  The unreasonable search and seizure claims challenge the constitutionality of the initial stop of Mr. Sanchez's car, search of the car, physical searches performed at the stop, search of his cell phone, a first search at the police station, and the final strip or body cavity search.[1]  The Complaint contends that these actions were performed without probable cause, a warrant or the existence of exigent circumstances.  It further pleads that the strip or cavity search was warrantless, conducted in an unsanitary manner, and in violation of internal police department policies.

The Complaint alleges that the force used throughout the stop, arrest, and strip/cavity search at the police station was excessive.  It describes all three events as being unnecessarily rough.  Particularly, it states that Mr. Sanchez was dragged out of his car, handcuffed, and forced to lie on the ground.  According to the Complaint, during the strip/cavity search at the police station, Mr. Sanchez was forcibly held down with his face pressed against a table and the anal cavity search was performed in an unsanitary and painful manner.

The Detectives move to dismiss Mr. Sanchez's claims for unreasonable search and seizure and for use of excessive force on the grounds that: (1) Mr. Sanchez has failed to state a claim for relief under 12(b)(6); (2) the Detectives, in their individual capacities, are entitled to qualified immunity because there was no clearly established violation of constitutional law;  and (3) any claims against the Detectives in their official capacity are barred because Mr. Sanchez

---

[1] Mr. Sanchez does not argue that because there was no probable cause for the initial stop, all subsequent searches and seizures were unconstitutional, and anything found was fruit of the poisonous tree.  To the extent the Complaint could be construed as raising such an argument, in light of the Court's resolution, the Court does not address this.

does not contend that the Detectives acted pursuant to a policy or custom.  In addition, the

Detectives contend that Mr. Sanchez's unreasonable search and seizure claims are barred by

*Heck v. Humphrey*, 512 U.S. 477 (1994), because finding for Mr. Sanchez on these claims would

render his conviction invalid.

The Motion to Dismiss was referred to the Magistrate Judge for a Report and

Recommendation.  The Recommendation concludes that the motion should be granted as to all

of Mr. Sanchez's claims.[2]  Mr. Sanchez's Objections consist primarily of generalized statements

of law objecting to the Recommendation rather than specific objections.[3]  Consistent with the

liberal interpretation standard required for *pro se* pleadings, the Court will consider the Motion

to Dismiss *de novo.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Morales-*

---

[2] The Recommendation makes several determinations.  It first found, *sua sponte*, that the Court
lacked subject matter jurisdiction over Mr. Sanchez's request for a declaratory judgment that
"the acts and omissions described herein violated Plaintiff's rights," because such relief would
not alter the positions of the parties.  Next, it concluded that *Heck v. Humphrey* bars Mr.
Sanchez's claims that his constitutional rights to be free from unreasonable searches and seizures
were violated by (1) the initial stop of the car; and (2) the physical searches at the scene.  Third,
the Recommendation found that the Defendants are entitled to qualified immunity on Mr.
Sanchez's claims that his Fourth Amendment rights were violated by (1) the search of the car;
(2) the search of his cell phone; (3) the search in the hallway of the police station; and (4) the
strip/cavity search.  Fourth, as to the use of excessive force claims, the Recommendation
concluded that dismissal was warranted pursuant to Fed. R. Civ. P. 12(b)(6). Finally, the
Recommendation determined that, to the extent Mr. Sanchez brings an action against the
Detectives in their official capacities, any such claims must be dismissed because he has not pled
that the Detectives acted pursuant to any state policy or custom, or that such a policy or practice
resulted in the constitutional violation.
[3] Construed in his favor, the only specific objections to the Recommendation he raises are: (1)
the Magistrate Judge's *sua sponte* consideration of subject-matter jurisdiction over the requests
for declaratory judgment was improper; (2) he sufficiently pled a claim for an unreasonable
search when the Detectives "forcibly held the plaintiff down and performed a cavity search of
the anus without a search warrant," an act that caused him to suffer "lacerations, skin tear, loss of
appetite, and continuous anal bleeding," that could not be considered "*de minimis*"; (3) the
Magistrate Judge erred by considering documents outside the four corners of the Complaint
without converting the Detectives' motion into one for summary judgment.

*Fernandez v. INS*, 418 F.3d 1116, 1119-20 (10th Cir. 2005); *accord Bagwell v. Safeway Milk Plant*, 437 Fed. App'x 689, 691 (10th Cir., Aug. 25, 2011).

### III. STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court views the allegations in a complaint in the light most favorable to the nonmoving party, and all well-plead allegations are accepted as true. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001).  The Court's analysis is limited to the four corners of the complaint, and, in limited instances, any attached exhibits or documents referenced therein whose accuracy is not disputed.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).  When the Complaint is drafted by a *pro se* litigant, the Court is particularly lenient in determining whether the party has pled sufficient facts to state a claim for relief.  *See Haines*, 404 U.S. at 520-21.

The Court dismisses a claim that facially fails to state plausible grounds for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court compares the well-pleaded facts to the elements of the claim asserted to determine whether there is a "plausible" ground for relief.  This requires the Court to conduct a context-specific examination of the allegations, drawing on common sense and judicial experience.  *Id.* at 679.  In doing so, the Court discards any allegations that merely assert legal conclusions or recite the elements of a cause of action.  *Id.* That is, while detailed factual allegations are unnecessary, "naked assertion[s]" devoid of any factual enhancement will not suffice.  *Twombly*, 550 U.S. at 555-56.

### IV. ANALYSIS

**A. Unreasonable Search and Seizure Claims**[4]

---

[4] Though Mr. Sanchez characterizes his use of excessive force claims as Fifth and Fourteenth Amendment violations, the Court examines them under the Fourth Amendment, because they

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. CONST. amend. IV; *Maryland v. King*, 133 S.Ct. 1958, 1969 (2013).  The reasonableness of a search or seizure depends upon whether, objectively, the challenged action was justified under the circumstances. *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011). When a search is conducted without a warrant, police officers must have probable cause to believe a crime was or is being committed, or otherwise show that the search was conducted pursuant to some recognized exception to the warrant rule.  *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010).  A police officer has probable cause to conduct a search when "the facts available to [him] would warrant a [person] of reasonable caution in the belief" that a crime was or is being committed. *Florida v. Harris*, 133 S.Ct. 1050, 1055 (2013) (*quoting Texas v. Brown*, 460 U.S. 730, 742 (1983)); *see Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 879 (10th Cir. 2014).

To allege sufficient facts to support a Fourth Amendment claim for an unlawful search or seizure under § 1983, the Complaint must identify the search and seizure and state facts which, if true, would establish that there was no warrant, probable cause, or other exigent circumstances rendering the search permissible. *See generally Missouri v. McNeely*, 133 S.Ct. 1552, 1569-70 (2013).  The Court is aware that this requirement necessarily requires pleading not only what occurred, but what did not occur, such as the failure to obtain a warrant or lack of probable cause.  The Tenth Circuit addressed this concern in *Erickson v. Pawnee Cnty. Bd. of Com'rs.*, 263 F.3d 1151, 1154 (10th Cir. 2001). In *Erickson*, the Tenth Circuit concluded that a conclusory statement that "there was no probable cause" is insufficient.  *Id.*  Instead, a complaint must allege facts tending to show an absence of probable cause.  *Id.*  Because the "plaintiff has not alleged any specific facts showing there was a lack of probable cause" the Circuit affirmed dismissal of a

arose in the context of an arrest.  *See Tolan v. Cotton*, 134 S.Ct. 1861, 1865 (2014); *Graham*, 490 U.S. at 394.

Fourth Amendment claim. *Id.*[5]  Other circuits considering the issue likewise found that "mere unfounded and unsupported allegations" that a warrant or arrest was "not based on probable cause . . . are not sufficient." *Fullman v. Graddick*, 739 F.2d 553, 562 (11th Cir. 1984); *see Huffer v. Bogen*, 503 Fed. App'x 455, 462 (6th Cir. 2012).

*Pro se* parties are not exempt from this requirement to plead more than bare assertions. Even the "broad reading" of *pro se* pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The facts that are sufficient to support a contention that there was no probable cause vary with the situation.  For example, allegations that a plaintiff was not driving erratically and that she failed a roadside sobriety test because an officer shined a flashlight in the her eyes not because she was intoxicated, were sufficient to create a genuine dispute of material fact as to whether there was probable cause to arrest her. *See Cottrell v. Kaysville City, Utah*, 994 F.2d 730, 733 (10th Cir. 1993).  Similarly, a complaint pointing to specific portions of an arrest warrant or police report that are knowingly false and "necessary to a finding of probable cause," is sufficient. *See Franks v. Delaware*, 438 U.S. 154, 163-64 (1978).  These are facts that a lay person can recount without having legal training. *See  Hall*, 935 F.2d at 1110.

### 1.  Initial Stop of the Car

---

[5] *See also Shimomura v. Carlson*, 17 F.Supp.3d 1120, 1127 (D. Colo. 2014) (blanket allegation that arresting officers lacked probable cause is insufficient to survive a motion to dismiss); *Masad v. Nanney*, No. 14-cv-00577-MJW, 2014 WL 4265848, *4 (D. Colo., Aug. 27, 2014) (where plaintiff made no allegations in support of his contention that there was no probable cause for his arrest, claim cannot survive a motion to dismiss); *Lee v. City of Topeka*, No. 2011 WL 4005377, *2 (September 8, 2011, D.Kan.) (plaintiff must allege facts that, if assumed true, plausibly show lack of probable cause).

The Complaint first challenges the stop of Mr. Sanchez's car.  Generally, an officer may stop a car if there is probable cause to believe a traffic violation or other crime is being committed.  *See United States v. Ozbirn*, 189 F.3d 1194, 1199 (10th Cir. 1999).  In support of the claim that the stop was unreasonable, the Complaint offers a blanket statement that the Detectives did not have a warrant or "probable cause to pull [him] over."  There are no allegations as to why "no reasonably competent official would have found indicia of probable cause."  *Coburn v. Nordeen*, 72 Fed. App'x 744, 747 (10th Cir. 2003).  For example, the Complaint does not allege that Mr. Sanchez was traveling through the parking lot in a safe manner, complying with applicable traffic laws, or that was legally parked with the vehicle's engine off.  The Complaint's bare recitation of law without factual support is insufficient to state a claim regarding the stop of Mr. Sanchez's car under Rule 12(b)(6).  *See Iqbal*, 556 U.S. at 679.

## 2.  Search of the Car

The Complaint contends that the search of Mr. Sanchez's car was unlawful because it was conducted without a warrant, consent, or probable cause.  Probable cause exists where there is a "fair probability that the car contains contraband or evidence" of a past or present crime.  *United States v. Chavez*, 534 F.3d 1338, 1345 (10th Cir. 2008); *United States v. Callarman*, 273 F.3d 1284, 1287 (10th Cir. 2001).[6]  Viewed independently, the Complaint again makes only a conclusory statement in support of the allegation that there was no probable cause. There are no supplementary facts explaining why the Detectives lacked probable cause, such as that there was no contraband in the car. The allegation that "nothing was found" does not cure this deficiency because the constitutionality of the search of a car incident to a traffic stop (or any search, for

---

[6] During the stop of a car, the detaining officer may engage in further investigation if the officer has a reason able suspicion of other criminal activity.  *See Ozbirn*, 189 F.3d at 1199.  To the extent that this claim is premised upon a lack of probable cause for the original seizure, the deficiency in the pleading of that claim also constitutes a deficiency here.

that matter) does not rest upon whether contraband or evidence of illegal activity is actually discovered.  The Court therefore finds the allegations insufficient to state a claim regarding the search of Mr. Sanchez's car.

### 3.  Search of Mr. Sanchez's Cell Phone

The Complaint charges that Mr. Sanchez's constitutional rights were violated when the Detectives "went through the contents" of his cell phone and answered a phone call without a warrant, probable cause, or consent. At the time the search was performed, law enforcement was arguably permitted to search a suspect's cell phone incident to a lawful arrest.[7] *See, e.g., United States v. Murphy*, 552 F.3d 405, 411-12 (4th Cir. 2009) (upholding warrantless search of a cell phone incident to an arrest); *United States v. Finley*, 477 F.3d 250, 259-60 (5th Cir. 2007) (upholding warrantless retrieval of call records and text messages from a cell phone as a search incident to arrest); *accord United States v. Mercado-Nava*, 486 F.Supp.2d 1271, 1277 (D. Kan. 2007). The Complaint does not allege that Mr. Sanchez's arrest was unlawful.[8]  Accordingly, there are insufficient facts to sustain a claim for a constitutional violation from the search of Mr. Sanchez's cell phone.

### 4.  Physical Searches

The Complaint identifies three physical searches.  First, it states that Det. Rogers placed Mr. Sanchez in handcuffs, pulled him to the ground and conducted a "fully body search" in which "not[h]ing was found."   Second, it alleges that Det. Robledo pulled Mr. Sanchez up from the ground and searched him, forcing him to "remove some clothing," and "still found nothing."

---

[7] True, recent Supreme Court precedent establishes that the warrantless search of cell phones without exigent circumstances violates the Fourth Amendment.  *Riley v. California*, 134 S. Ct. 2473, 2485 (2014).
[8] To the extent that one reads the challenge of Mr. Sanchez's seizure to include his arrest, the Complaint fails to sufficiently plead lack of probable cause for the seizure.

Third, it states that Det. Robledo took Mr. Sanchez to a police car and performed another "full body search and again nothing was found."  The Complaint states in a conclusory fashion that these searches were "illegal," without consent or probable cause, and thus "violated [his] [Fourth] Amendment rights against unreasonable searches and seizures."

A warrantless search of a person or place is permissible when contemporaneous to a lawful arrest.  *United States v. Robinson*, 414 U.S. 218, 225 (1973).  Particularly, a protective search of a suspect incident to an arrest or valid traffic stop, or performed because an officer entertained a reasonable belief that the suspect was armed, is constitutional.  *United States v. Chavez*, 812 F.2d 1295, 1301 (10th Cir. 1987); *Callarman*, 273 F.3d at 1287.  As noted, the Complaint provides no details from which the Court could infer that the stop or arrest were unlawful, or grounds on which the Court might be otherwise able to find theses searches invalid. The Complaint asserts only that the physical searches were without probable cause; such a conclusory statement is an unsupported legal conclusion that the Court disregards.  This claims as to all three physical searches are therefore properly dismissed under Rule 12(b)(6).

### 5.  Strip Search at the Police Station

Finally, the Complaint challenges a search that occurred in the hallway of the police station, when Mr. Sanchez was "video recorded," forced into a small room where he was over a chair while Det. Rogers pulled down his pants and searched his anus.  The Complaint alleges that this search was done without a warrant or consent.

Although a strip/cavity search requires special scrutiny, a Fourth Amendment violation occurs only if the strip search is objectively unreasonable in light of the circumstances.  To determine whether a strip search is reasonable a court must consider the scope of the intrusion, the manner and place in which the search is conducted and the justification for the search.

*Cottrell v. Kaysville City, Utah*, 994 F.2d 730, 734 (10th Cir. 1993).  When examining a strip search relative to Fourth Amendment guarantees, a Court may consider whether a detainee will be placed in the prison population and if there is reasonable suspicion that the detainee possesses concealed contraband.  *Archuleta v. Wagner*, 523 F.3d 1278, 1284 (10th Cir. 2008); *see King*, 133 S.Ct. at 1971; *see also Cottrell*, 944 F.2d at 734.

As with the other searches, the Complaint does not contain any factual allegations from which the Court could infer that the search was unconstitutional.  As described in the Complaint, the scope of the intrusion was limited to that which typically occurs during a strip/cavity search, and there are no allegations suggesting that it was otherwise unjustified.  The Court relies on Mr. Sanchez's admission that he was being placed in jail, which itself could justify the intrusion.[9]

The argument presented in Mr. Sanchez's Response to the Motion to Dismiss (**#48**) — that the search was conducted contrary to police department policy — does not change the sufficiency of the claim. Violation of a state police department policy does not necessarily demonstrate infringement upon a constitutional right.  *See Cole v. Bone*, 993 F.2d 1328, 1334

---

[9] In *Florence v. Bd. of Chosen Freeholders of Burlington*, 132 S.Ct. 1510 (2012), the Supreme Court rejected a plaintiff's § 1983 claim for unreasonable search and seizure based on a search plaintiff underwent before entering the jail population. In the search, plaintiff was required to strip naked and shower. *Id.* at 1514.  An officer inspected plaintiff's body for markings, wounds, and contraband. *Id.*  Plaintiff was required to turn with his backside facing the officer, squat, and lift his genitals. *Id.*  This process is standard procedure for individuals entering the particular correctional facility, regardless of whether there is reasonable suspicion that the individual possesses contraband. *Id.* at 1514-15.  The Supreme Court ultimately determined that, though the search is intrusive, it is warranted in light of the government's compelling interest in maintaining the security of its correctional facilities and ensuring that contraband is kept out. *Id.* at 1516-20; *see also Fiselman v. Lewis*, No. 14-cv-00030-RM-CBS, 2015 WL 170551, *8 n.5 (D. Colo., Jan. 13, 2015).  Moreover, the Supreme Court upheld these searches as universal procedures – that is, it did not require officers to have reasonable suspicion that contraband was concealed, nor does the legality of the search depend on the seriousness of the crime for which the individual is charged. *Id.* at 1516-21.

(8th Cir. 1993).  Accordingly, the Complaint fails to sufficiently plead that the strip/cavity search was unconstitutional.

The Court finds that Mr. Sanchez has failed to plead sufficient facts, which if true, demonstrate any unreasonable search or seizure claims.  The Defendants' argument based on *Heck v. Humphrey* and their assertion of qualified immunity are therefore moot.

## B. Use of Excessive Force

The Fourth Amendment also protects individuals against the use of excessive force.  To properly plead an excessive force claim under § 1983, a plaintiff must show that the defendant used a level of force that was unreasonable under the circumstances. *Henry v. Storey*, 658 F.3d 1235, 1242 (10th Cir. 2011).  To determine whether use of force was reasonable, a court balances the nature and quality of the force employed against the need to use such force. *Lundstrom v. Romero*, 616 F.3d 1108, 1126 (10th Cir. 2010).  Reasonableness is judged from the perspective of the officer on the scene with the recognition that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Studivan v. Murr*, 511 F.3d 1255, 1259 (10th Cir. 2008).

When determining reasonableness in the use of excessive force context a court considers, among other factors: (1) the severity of the suspected crime; (2) whether the suspect posed an immediate threat to the safety of officers; and (3) the suspect's degree of resistance. *Lundstrom*, 616 F.3d at 1126; *Fobarty v. Gallegos*, 523 F.3d 1147, 1160 (10th Cir. 2008).  A court may also consider the extent of any injuries suffered by the plaintiff, the officers' efforts to minimize the amount of force, and the legitimate government interests furthered by the use of force such as the need to maintain security at a detention facility. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473-

74 (2015). Subjective motivations of individual officers, however, do not factor into the analysis. *Id.* at 2472; *Graham*, 490 U.S. at 397.

### 1. Force used During the Initial Stop and Arrest

The Complaint pleads that, upon stopping his car, the Detectives (at least one of whom had his gun drawn) grabbed Mr. Sanchez, pulled him out of the car and forced him to the ground. Afterward, Det. Robledo pulled him up from the ground by the handcuffs using "excessive force." The Complaint alleges that Mr. Sanchez showed "no resistance" and was not "acting disruptively."

Even assuming, as the Court must, that Mr. Sanchez was not resisting the Detectives, the allegations are insufficient to state a claim for excessive force. Mr. Sanchez's lack of resistance addresses only one side of the equation. That is, there are no allegations that quantify the force used in comparison to that which was necessary. For example, there are no facts provided as to whether Mr. Sanchez was first directed to present his hands to the Detectives to be cuffed or otherwise comply with orders, what offense Mr. Sanchez was stopped for, or whether he attempted to evade contact with police.

The actions stated in the Complaint reflect the sort of force that is typical during an arrest. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354-55 (2001). As particularly relevant here, it is not categorically unreasonable for officers to display weapons during an arrest. *See Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1192 (10th Cir. 2001). Nor are allegations that handcuffing caused *de minimis* injuries sufficient to state an excessive force claim. *See Fisher v. City of Las Cruces*, 584 F.3d 888, 897 (10th Cir. 2009); *Cortez*, 478 F.3d at 1129-30. And finally, the conclusory assertion that the Detectives acted with "malicious and

sadistic intent" is irrelevant to the analysis.  *Kingsley*, 135 S.Ct. at 2472; *Graham*, 490 U.S. at

397.

The Court therefore concludes that the allegations of use of excessive force during Mr.

Sanchez's initial stop and arrest are insufficient to state a claim under Rule 12(b)(6).

### 2.  Force used at the Police Station

The Complaint next contests the Detectives' conduct at the police station.  It alleges that

Mr. Sanchez was forced into a small room for a strip search, during which the Detectives used

"unnecessary force" by bending him over a chair with his "face pressed firmly against a desk

causing unnecessary and excruciating pain."  It additionally alleges that the anal cavity search

that purportedly ensued was performed in an unsanitary and painful manner, causing ongoing

injury.  Putting aside the issue of whether the search was constitutional, the only facts pertinent

to the use of excessive force claim are that the search was painful. But though pain is a factor to

be considered, it alone is not enough.  Some degree of force must necessarily be employed in any

body cavity search and presumably, such a search causes embarrassment and discomfort.  A

plaintiff must thus allege something more than simply that a cavity search caused pain or was

conducted in an overly rough manner.  *See Harvey v. Segura*, 2014 WL 4057043, *4 (D. Colo.,

Aug. 14, 2014).  Here, there are no allegations that the cavity search was, for instance,

unnecessarily prolonged, entailed gratuitous physical contact, or was accomplished through

means suggesting it was performed for a sadistic, rather than functional, purpose.

Accordingly, the Court finds that the Complaint fails to plead sufficient facts to state a

use of excessive force claim.

### C. Remaining Objections

Mr. Sanchez's Objections to the Recommendation raise two additional issues.  The first is the Magistrate Judge's *sua sponte* finding that the Court lacked subject matter jurisdiction to hear Mr. Sanchez's request for declaratory relief.  Because the Court determines that the factual allegations are insufficient to state any cognizable claim under Rule 12(b)(6), whether for monetary or declaratory relief, the Court need not address this argument.

The second is that the Motion to Dismiss should have been converted into one for Summary Judgment because the Recommendation relied on documents other than the Complaint.[10]  The Court's review has been *de novo* and does not consider materials outside the Complaint.  Because Mr. Sanchez's claims are dismissed pursuant to Rule 12(b)(6) based solely on the facts alleged in the Complaint, the issue is moot.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Mr. Sanchez's Objections **(# 51)** and **ADOPTS** the Recommendation **(#50)**.  The Motion to Dismiss **(#32)** is **GRANTED** as to all claims.  The effect of this dismissal, however, is stayed, as set forth below.

Within fourteen days, Mr. Sanchez may request leave to further amend his Complaint to allege facts sufficient to support a claim.  Such motion shall be accompanied by a proposed

---

[10] In limited circumstances, a court may consider documents referenced in a complaint in reviewing a motion to dismiss.  *See Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008).  When a plaintiff, such as Mr. Sanchez, has attached the documents to his Complaint, he rarely can complain that consideration of such documents was improper.  *Cf. GFF Corp. v. Assc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) (where a plaintiff references a document in a complaint, the veracity of which is not disputed, the defendant may request that the court consider it in ruling on a motion to dismiss).

amended complaint that highlights the additional factual information.  If no such motion is filed, or if it is denied, this order shall become effective and the Clerk shall close this case.

Dated this 25th day of August, 2015.

BY THE COURT:

Marcia S. Krieger
Chief United States District Judge